## JOSEPH KINGSBURY *vs.* MOSES WILD.

The deed of an administrator, purporting to convey all the right in certain land, which the intestate had at the time of his decease, will pass the land, although the intestate had, in his life time, conveyed the land to another; if the conveyance was made with intent to defraud creditors.

The deed of an administrator need not recite, that the sale was by auction, nor that the grantee was the highest bidder; nor need it be signed as administrator, if the capacity in which he conveys appear in any other part of the deed.

A license from a judge of probate to an administrator, to sell land of his intestate, need not specify the particular land to be sold.

THIS was a writ of entry, in which the demandant counted upon his own seisin of a tract of land in Mont-Vernon, and upon a disseisin by the tenant.

The cause was tried here, at April term, 1823, upon the general issue, when it was agreed by the parties, that one *Thomas Baker* was once seized of the demanded premises. The demandant then shewed the death of the said *Baker*, the appointment of one *Jonathan S. Adams*, as his administrator; a license from the judge of probate in this county to the said administrator, " to sell the real estate of the said *Baker*, " deceased;" and a deed, duly executed by the said administrator, purporting to convey the demanded premises to the demandant. Which deed was as follows :

" Know all men by these presents, that I, *J. S. A.*, of " Mont-Vernon, &c., administrator of the goods and estate " which were of *Thomas Baker*, of Mont-Vernon, &c., yeo- " man, deceased, intestate at the time of his decease, by " virtue of a license from the Hon. *J. H.*, Esquire, judge of " probate, &c., to me granted as administrator as aforesaid, " authorizing me to sell the real estate of the said *Thomas* " *Baker*, deceased, as is therein mentioned, in consideration " of eight hundred dollars, paid by *Joseph Kingsbury*, &c., " have bargained, sold, and conveyed, and by these presents, " do bargain, sell, and convey unto the said *K.*, &c., all the " right, title, interest, claim, and demand, which the said " *Thomas Baker*, deceased, had at the time of his death, in " and unto a certain piece of land, &c. To have and to " hold, &c. In witness whereof, I have hereunto set my " hand and seal, this second day of January, 1822.

" J. S. ADAMS, and seal."

This deed, together with a copy of the proceedings in the probate court in relation to the license, was permitted to go

to the jury, subject to any exceptions which the tenant's counsel might afterwards take.

The tenant claimed under a deed of *Thomas Baker,* dated March 10, 1820, purporting to convey to him the demanded premises. The demandant then offered evidence to shew, that this deed was made without consideration, and with an intent to defraud creditors ; and the jury having, on this ground, returned a verdict in favor of the demandant,

*Atherton,* of counsel for the tenant, moved the court to grant a new trial, for the following reasons :

1st, The license to the administrator of *Baker* is general, " to sell the real estate of the deceased," without mentioning any estate in particular that is to be sold.

2d, Although *T. B.* had, in his life time, conveyed the demanded premises to the tenant, yet notice of the application of the administrator to sell the real estate was given to the heirs of *T. B.,* and not to the tenant.

3d, It does not appear by the deed of the administrator, that the sale was by public auction, nor that the demandant was the highest bidder.

4th, Nothing is granted to the demandant by that deed but the title, which *Baker* had at the time of his decease ; at which time *Baker* had nothing in the land.

5th, The deed is not signed by *Adams* as administrator.

*Sullivan* and *Sawyer,* for the demandant.

Richardson, C. J.    It is contended in this case, that the deed of *Adams* to the demandant is not valid, because the word " *administrator*" is not added to the signature of *Adams.* But we are not aware, that this word, if it had been added, could have had any effect, unless it were to denote the capacity in which he acted ; and as it is recited in the body of the deed, that he is administrator, and that he acts by virtue of a power granted to him as such, it seems to us, that this objection is without any valid foundation.    Indeed, it is very questionable, whether it is essential to the validity of the deed, that it should state at all in what capacity the grantor acted.    *Com. Di. Poiar, C. 4.—1 Levintz* 150, *Jenkins vs. Keynies.—6 Coke* 18, *Clere's case.*

It is also urged, that nothing passed by the deed of *Adams*, because it does not recite, that the sale was by public auction, and that the demandant was the highest bidder. But admitting that the power of the administrator to convey was limited to a conveyance upon a sale by public auction, and to the highest bidder, we are aware of no rule of law, requiring those facts to be recited in the deed ; and we are much at a loss to conjecture any good reason why they should be there recited.

Another objection to the demandant's title is, that the deed of the administrator purports to convey only the right, title, interest, claim, and demand, which *Thomas Baker* had at the time of his decease ; and as *Thomas Baker* had, by deed, previously conveyed all his interest, nothing passed by the administrator's deed to the demandant. This objection is certainly ingenious, but it cannot prevail. We are bound to look beyond the mere forms of the conveyances, to the real substantial nature of the transactions ; and when we do that, this objection vanishes. It is true, that *Thomas Baker* had no right to the land, which he could assert, at the time of his death. He would have been estopped by his deed. But that deed is now found to have been made with an intent to defraud creditors, and is, so far as regards creditors, altogether void ; so that the law considers the estate always to have remained in *Thomas Baker*, and gives to his creditors the right to treat it as his. When the administrator, then, for the purpose of paying the debts of *T. B.*, conveys all the right of *T. B.*, it is not competent to the tenant to say, that *T. B.* had conveyed before all his right, by a deed made to defraud creditors, and so had nothing to be conveyed by the administrator ; because, as against creditors, such fraudulent deed is altogether void, and is so declared by statute. 1 *N. H. Laws* 182.

It is also objected, that no notice was given to the tenant of the application for license to sell the real estate. It is a good answer to this objection, that the statute does not require such notice. The heirs at law have a right to give bonds to pay the demands against the estate, and thus prevent a sale. The law, therefore, requires notice to be given to them, in

order that they may have an opportunity to avail themselves of this right. But the statute contains no such provision in favor of a fraudulent purchaser ; and such a purchaser seems to us not to be within the equity of the provisions made in favor of heirs.

It is further contended, that the license to sell is insufficient, because it does not specify the particular land, which the administrator is authorized to sell. But we are not aware, that there is any good reason why the particular lands, to be sold, should be specified in the license ; and as the license in this case was in the usual form, we have no hesitation in overruling this objection.

*Judgment on the verdict.*